# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-08395-CJC (SK) | Date | May 8, 2018 |
|---|---|---|---|
| Title | Homer T. Lewis v. Scott Kernan, et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: ADMINISTRATIVE EXHAUSTION**

Plaintiff, an inmate at the California State Prison in Lancaster County, filed a civil rights complaint in the Superior Court of Los Angeles alleging that the California Department of Corrections and Rehabilitation discriminated against him based on his gender by letting female inmates purchase more vendor items than male inmates. (Compl., ECF No. 2). Defendants removed the complaint to this Court, which is required to review the complaint and dismiss any portions of the complaint that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e). From the Court's review, it appears that Plaintiff did not exhaust his available administrative remedies before filing the Complaint.

The Prison Litigation Reform Act ("PLRA") of 1995 requires that a state prisoner seeking relief in federal court for alleged civil rights violations exhaust all available prison administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. § 1997e(a). In California, an inmate must complete three levels of formal review to exhaust a complaint. *See* 15 Cal. Code Reg. § 3084.7 (2011). An appeal is not deemed exhausted until a prisoner has completed the third level of review. *See id*. § 3084.1(b). Here, in the civil cover sheet, Plaintiff claims that he "exhausted administrative remedies as to Scott Kearnan & Debbie Ascunsion," but presents no such evidence supporting that assertion. (Compl. at 9).

Therefore, Plaintiff is ORDERED TO SHOW CAUSE on or before **June 11, 2018,** why the complaint should not be dismissed for failure to exhaust administrative remedies. **Plaintiff is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute.** <u>See</u> Fed. R. Civ. P 41(b); L.R. 41-1.